MOORMAN v. STATE.

[93 South. 368.   No. 22308.]

HUSBAND AND WIFE. *Parent and child. On prosecution for desertion, that
   it was wrongful, and that wife or child was left in extreme want,
   must be proved beyond a reasonable doubt.*

Under section 1, chapter 212, Laws 1920, before a conviction can be
   had, it must be shown beyond a reasonable duobt that the desertion
   was wrongful, and that the deserted ones were left in destitute or
   necessitous circumstances; that is, left in extreme want or without
   means of securing the reasonable actual necessities of life.

APPEAL from circuit court of Pontotoc county.
HON. C. P. LONG, Judge.

Dan Moorman was convicted of deserting his wife and
children, and refusing to provide for their support, and
he appeals. Reversed and remanded.

*Marshall T. Adams,* for appellant.

We most earnestly insist that on cross-examination appellant's counsel should have been allowed to ask the witness, Mrs. Minta Moorman, questions in regard to money paid her under a voluntary agreement by appellant before this indictment was gotten at the September, 1920, term of court, as tending to show whether he had wilfully and without just cause failed and refused to provide for wife and children. We submit further that the testimony of the state shows that the wife and children were in the home of a man, Guy Ellis, hostile to the appellant, and that he had warned the appellant, even before this separation, not to come to his home, which questions were refused by the court and excepted to by the appellant. We further insist that the state has failed by its testimony to sustain the allegations of said indictment; that they have wholly failed to prove that the prosecuting witness, Mrs. Minta Moorman, and children were in destitute or necessitous circumstances as the testimony uncontradicted, is that the wife owned forty acres of land, clear of incumbrance, when separation took place; further, that soon after separation defendant divided equally with wife and children, all the cattle, including milch cows, that they owned, and that defendant told his wife to send to their home and get everything that she wanted. Proof further shows that by writ of *habeas corpus* the mother took the child away from the father when he wanted to keep it and provide for it.

Our courts have held in the case of *Gambrell* v. *State,* 92 Miss. 728, where there is any doubt as to the admissibility of evidence, the doubt should be resolved in favor of the accused. And we insist that this testimony is certainly competent under this indictment as going to show that defendant did not wilfully desert his wife and children, but that he was attempting to provide for the wife and children and his offers refused by the wife.

The proof fails to show that the children were not taken care of as well, under the circumstances, as the defendant could have done, and there is no proof to show that the children suffered for the lack of anything. I insist that this is a prosecution and not a conscionable prosecution, when testimony admitted and offered by the appellant shows that the chancery court had taken full and complete jurisdiction of all matters touching the domestic relations of appellant, wife and children, and had rendered a final decree setting for all time the matter of support, maintenance, etc., of appellant's wife and children, and giving the wife a divorce from appellant, but refusing her alimony.

*Frank Roberson,* for appellee.

On the evidence submitted, the jury found against the appellant. It is unquestioned that there is a time when he deserted them and failed to support them, and while he may have offered at some time to give them some money, there is no indication of a desire on his part to support them regularly and in the way in which a father should, nor that he was willing to return to them. Therefore, the defendant was not injured by the refusal of the court to permit him to cross-examine the witnesses as to points in question. If that is error, then it would be permissible in prosecution for larceny, to show that defendant is willing to return the stolen property. As to the constitutional questions raised, beg to submit that the same objections would apply to the payment of alimony, laws concerning which are under the control of the court and have been held to be constitutional.

Section 31 of our constitution providing for the right of trial by jury, does not extend to questions in the trials for which a jury is not necessary by the ancient principles of the common law. *Lewis* v. *Garrett,* 5 How. 434, *Isom* v. *Miss. Railroad Co.,* 36 Miss. 300; *Aldridge* v. *Bouge Falia Drainage District,* 126 Miss. —, 64 So. 377.

The desertion of the wife and children by the husband was not a common-law offense, consequently jury laws do not apply. It is a well-known fact that the court will not consider constitutional questions except where they are absolutely necessary to a decision. *Native Lumber Co.* v. *Harrison County,* 89 Miss. 171, 43 So. 665.

HOLDEN, J., delivered the opinion of the court.

Dan Moorman appeals from a conviction and sentence of two years in the penitentiary, on a charge of deserting his wife and children and refusing to provide for their support, they being in destitute and necessitous circumstances, under chapter 212, Laws of 1920. Section 1 of the act reads as follows:

"That any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances; or any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances, shall be guilty of a felony and, on conviction thereof, shall be punished by fine not exceeding five hundred dollars, or imprisonment in the penitentiary, not exceeding two years, or both, with or without hard labor, in the discretion of the court."

It will be observed the act, making wife desertion a felony, provides the husband shall be guilty where the desertion is without just cause and he refuses to provide for the support and maintenance of his wife and children, who are then and there left "in destitute or necessitous circumstances." Therefore, in order to make out the crime against the husband, it must be shown beyond a reasonable doubt that the wife or children were left in destitute or necessitous circumstances by the wrongful desertion. The statute now making the offense a felony is, of course, to be strictly constructed, and unless the proof in the case

sustains the charge here that the wife and children were refused support while "in destitute and necessitous circumstances," the state must fail in the prosecution.

We have carefully examined and considered the evidence offered by the state to sustain the indictment, and we are convinced the proof is insufficient to warrant a conviction. The testimony of the prosecutrix, together with other proof by the state, shows that at the time of the desertion by the husband she and her children were not left in destitute and necessitous circumstances, as charged in the indictment. She testified she owned and possessed individually forty acres of land, unincumbered and valued at five hundred dollars; that the husband divided with her the milk cows and other stock, and gave her some money, and offered her other substantial assistance; that, when driven from home by her husband, she went to the home of her son-in-law and there remained, and refused offers of assistance sent to her by the husband. The son-in-law was hostile toward appellant and forbade his coming upon the premises. During this time there was litigation between the husband and wife for the possession of a child, and near the same time a new child was born, and appellant offered to pay the doctor's bills.

The act of the legislature here involved was intended to embrace and remedy the specific evil of wrongful desertion, when such desertion would leave the wife and children in destitute or necessitous circumstances; and with that purpose the severe penalty of imprisonment in the penitentiary was imposed. It is our opinion that the meaning of the law with reference to destitute and necessitous circumstances is that the wife or children must have been left in a condition of extreme want—without possessions or resources from which the actual necessaries of life could be obtained or realized. We do not think, however, it is necessary for conviction to show that the deserted ones were in dire poverty and distressful want; but, in order to come within the meaning of the statute, it must appear that they are substantially destitute or

without means of securing the reasonable necessities of life, and unless the proof establishes this condition the offense is not committed under the law.

The constitutionality of the act is questioned by the appellant, especially the last five sections; but, following the rule that this court will not determine constitutional questions, except where it is necessary to do so, we shall not notice the interesting points presented by counsel in that regard.

In view of the conclusions stated above, the judgment of the lower court will be reversed, and the case remanded.

*Reversed and remanded.*